```
               UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF LOUISIANA
```

**JOHN TAYLOR**                                          **CIVIL ACTION**

**VERSUS**                                               **No. 08-1701**

**STATE FARM FIRE & CASUALTY COMPANY**                   **SECTION: I/1**

## ORDER AND REASONS

Before the Court is a motion to dismiss filed on behalf of defendant, State Farm Fire & Casualty Company, ("State Farm"). For the following reasons, State Farm's motion to dismiss is **DENIED**.

## BACKGROUND

Plaintiff, John Taylor ("Taylor"), is a resident of Avondale, LA, whose home sustained damage as a result of Hurricanes Katrina and Rita.[1] At the time of both hurricanes, Taylor's home was insured by a homeowner's insurance policy (the "policy") issued by State Farm.[2] Though the policy did not cover flood damage, Taylor maintains that the water damage to his home was not caused by flooding, but instead by wind and rain from the hurricanes that breached the structure's "skin."[3] According to Taylor, the wind and rain damage sustained by his home is covered by the policy.[4]

On August 20, 2007, Taylor filed a lawsuit in the 24th Judicial District Court for the Parish of Jefferson, State of

---

[1] Rec. Doc. No. 3-3.

[2] Rec. Doc. No. 1, amend. 3.

[3] *Id.* at para. 6.

[4] *Id.* at paras. 6-7.

1

Louisiana, alleging that State Farm violated state law by failing to reimburse Taylor within thirty days after he submitted a proof of loss to State Farm, and seeking a declaratory judgment and damages.[5] The state court lawsuit is pending until court fees are paid and, at this time, no trial date has been set.[6]

On August 29th, 2007, Taylor and five other plaintiffs filed, in the same state court, a separate lawsuit against State Farm seeking damages and attorney's fees.[7] Thereafter, State Farm removed the case to federal court, citing diversity between the parties and alleging that the amount in controversy exceeds $75,000.[8] After the case was removed, on April 9th, 2008, the Court ordered that the parties' claims, including Taylor's, be severed and that the parties file individual amended complaints.[9]

On April 21, 2008, Taylor filed an amended complaint against State Farm seeking damages including, but not limited to, living expenses, loss of use, inconvenience, and damage to property, contents, and other structures.[10] In addition, Taylor seeks to enforce statutory penalties against State Farm stemming from its

---

[5]Rec. Doc. No. 3-3, paras. 19-20.

[6]This information was obtained from the Clerk of Court for the 24th Judicial District, Division H, on 06/30/08.

[7]Rec. Doc. No. 1-2, para. I.

[8]*Id.* para. V.

[9]Rec. Doc. No. 1-3, severance order issued by Judge Fallon. The individual cases that resulted from the severance were re-allotted to the various sections of this Court.

[10]Rec. Doc. No. 1, para. 25.

alleged failure to commence adjustment of Taylor's claim within thirty days after receiving his proof of loss.[11]  On May 1, 2008, State Farm filed this motion arguing that, in light of the fact that Taylor's lawsuit in state court asserts the same or similar claims asserted in the above-captioned matter, this Court should abstain from extending its jurisdiction over Taylor's claims in this case.[12]  Taylor filed no opposition to State Farm's motion.

## LAW AND ANALYSIS

### I. STANDARD OF LAW

#### A.   THE DOCTRINE OF ABSTENTION

Abstention is the relinquishment of a federal court's jurisdiction "when necessary to avoid needless conflict with a state's administration of its own affairs." BLACK'S LAW DICTIONARY (8th ed. 2004).  "Abstention from the exercise of federal jurisdiction is the exception, not the rule." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 814, 96 S.Ct. 1236, 1244, 47 L.Ed.2d 483 (1976).  "'The doctrine of abstention . . . is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it.'" *Id.* (quoting

---

[11] *Id.* para. 21.

[12] Rec. Doc. No. 3-2.  As authority for this proposition, defendant cites LA. CODE. CIV. PROC. ANN. art. 531, which states:

> When two or more suits are pending in a Louisiana court or courts on the same transaction or occurrence, between the same parties in the same capacities, the defendant may have all but the first suit dismissed by exception thereto as provided in Article 925.  When the defendant does not so except, the plaintiff may continue the prosecution of any of the suits, but the first final judgment rendered shall be conclusive of all.

*County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188-89, 79 S.Ct. 1060, 1063, 3 L.Ed.2d 1163, 1166 (1959)). "'Abdication of the obligation to decide cases can be justified under [the abstention doctrine] only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest.'" *Id*. (quoting *Allegheny*, 360 U.S. at 188-89).

In *Colorado River*,[13] the U.S. Supreme Court noted that, generally, "'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction . . . .'" 424 U.S. at 17 (quoting *McClellan v. Carland*, 217 U.S. 268, 282, 30 S.Ct. 501, 505, 54 L.Ed. 762 (1910)). This is because of the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Id.* at 817-18 (citing *England v. Louisiana State Bd. of Medical Examiners,* 375 U.S. 411, 415, 84 S.Ct. 1, 464, 11 L.Ed.2d 440, 444 (1964)). Therefore, a court may abstain from a case because of parallel litigation in state court only under "exceptional" circumstances. *Id.* at 818.

---

[13]Although the U.S. Supreme has articulated multiple abstention doctrines, *see, Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 814-17, 96 S.Ct. 1236, 1244-46, 47 L.Ed.2d 483 (1976); *see also Brillhart v. Excess Ins. Co. Of America*, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942), "when an action contains any claim for coercive relief, the *Colorado River* abstention doctrine is ordinarily applicable." *Kelly Investment, Inc. v. Continental Common Corp.*, 315 F.3d 494, 497, n. 4 (5th Cir. 2002) (citing *Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 652 (5th Cir. 2000)). In light of the fact that Taylor asserts claims for punitive and compensatory damages, as well as attorney's fees, the *Colorado River* abstention doctrine is the doctrine applicable to this case.

To determine whether "exceptional" circumstances exist in a given case, courts have identified six factors related to "proper constitutional adjudication and regard for federal-state relations" that may be considered: "(1) the assumption by either court of jurisdiction over a *res*[14]; (2) the relative inconvenience of the forums; (3) the avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) to what extent federal law provides the rules of decision on the merits; and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction." *Colorado River,* 424 U.S. at 818-19; *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 18-26, 103 S.Ct. 927, 938-42, 74 L.Ed.2d 765 (1983). No one factor is determinative, and all applicable factors must be carefully balanced in a given case, "with the balance heavily weighted in favor of exercise of jurisdiction." *Moses H. Cone*, 460 U.S. at 16.  If the federal court decides to decline to extend jurisdiction, a stay is preferable to a dismissal, as the stay will preserve the parties' substantive rights should the state proceeding fail to resolve the issue. *LaDuke v. Burlington N. R.R. Co.*, 879 F.2d 1556, 1562 (7th Cir. 1989).

II.  **DISCUSSION**

---

[14]A *res* may be either: "1) An object, interest, or status, as opposed to a person; or 2) the subject matter of a trust." BLACK'S LAW DICTIONARY  (8th ed. 2004).

Regarding the first *Colorado River* factor, there is no *res* in the present case over which the state or federal court has assumed jurisdiction. *See Colorado River*, 424 U.S. at 818 (a lawsuit concerning water rights). As to the relative inconvenience of the forums, the question is whether the "inconvenience of the federal forum is so great" that abstention is warranted. *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1192 (5th Cir. 1988). In *Sandefer Oil & Gas, Inc. v. Duhon*, the court found that there was no hardship imposed on the parties by parallel proceedings when the federal and state courts were twenty miles apart. 871 F.2d 526, 529 (5th Cir. 1989). The distance between this Court and the 24th Judicial District Court for Jefferson Parish is approximately six miles. There is no argument presented detailing any great inconvenience that would occur were this matter to proceed in federal court. Accordingly, there is no substantial inconvenience posed by allowing proceedings to continue in both courts.

The third *Colorado River* factor addresses the problem of piecemeal litigation. *Colorado River,* 424 U.S. at 818. In *Colorado River*, the Supreme Court observed that cases involving property rights are frequently best resolved through unified proceedings, so as to avoid "additional litigation through permitting inconsistent dispositions of property." 424 U.S. at 819. However, piecemeal litigation should be distinguished from duplicative litigation, as "[t]he prevention of duplicative litigation is not a factor to be considered in an abstention

6

determination." *Evanston,* 844 F.2d at 1192. "[T]he problem of inconsistent judgments can be obviated through a plea of *res judicata* should one court render judgment before the other." *Kelly Investment, Inc. v. Continental Common Corp.*, 315 F.3d 494, 498; *Evanston*, 844 F.2d at 1192.

In *Kelly Investment, Inc. v. Continental Common Corp.*, the U.S. Fifth Circuit found that the district court erred in relying on the possibility of duplicative litigation in deciding to abstain. Although the same issues were being raised in state and federal court proceedings, the Fifth Circuit held that application of *res judicata* would ensure proper order.

In this case, there is no *res*, as both the state and federal court's jurisdiction is over the parties, not their property, and the issues raised in the state and federal lawsuits are substantially the same. Therefore, the state and federal court proceedings in this case are duplicative, not piecemeal, and the possibility of inconsistent judgments is mitigated by *res judicata*. *See*, *e.g.*, *Evanston,* 844 F.2d at 1192. Accordingly, this factor does not weigh in favor of abstention.

The fourth *Colorado River* factor, which speaks to the order in which jurisdiction was obtained, "should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Moses H. Cone*, 460 U.S. at 21. Taylor filed his lawsuit in state court

7

approximately six months prior to filing his amended complaint with this Court and, therefore, the order in which the courts obtained jurisdiction favors the state court.  However, Taylor's state court lawsuit has stalled because of non-payment of court fees, and it has not yet been assigned a trial date.[15]  Consequently, Taylor's state court lawsuit is not substantially further along than his lawsuit in this Court and, as such, the state court lawsuit being filed before the above-captioned matter does not weigh in favor of abstention.[16]

The fifth factor, whether state or federal law will be applied, is generally either a neutral factor or one that weighs against granting abstention.  *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 589, n. 4 (5th Cir. 1994) (citing *Moses H. Cone*, 460 U.S. at 25).  For instance, in *Evanston Ins. Co. v. Jimico, Inc.*, the U.S. Fifth Circuit found that, while Louisiana law was controlling in the interpretation of insurance policies, the district court erred in viewing the absence of a federal-law issue as weighing in favor of dismissal.  *Id.*  The court reasoned that, although the presence of federal law weighed against abstention, the presence of state law issues "weighs in favor of surrender [of federal jurisdiction] only in rare circumstances."  *Id.* (citing *Moses H. Cone*, 460 U.S. at 26) (referring to *Colorado River*, 424 U.S. at 820, which involved the state-law rights of thousands of parties, as an

---

[15] As of 06/30/08, see *supra* n. 6.

[16] Rec. Doc. No. 1-3.

example of such a circumstance). As a result, the court found that the presence of state law issues did not weigh in favor of abstention. *Id.*

As in *Evanston*, this case involves an insurance dispute governed by Louisiana law. However, State Farm does not allege that a "rare circumstance" exists in this case that would counsel in favor of abstention due to the presence of state law issues. Accordingly, this factor does not weigh in favor of granting a stay.

Finally, the sixth *Colorado River* factor concerns whether the rights of the parties are adequately protected in state court. *Moses H. Cone*, 460 U.S. at 26. As with the fifth factor, this factor is either neutral or weighs in favor of retaining jurisdiction. *St. Paul*, 39 F.3d at 589, n. 4. State and federal courts may have parallel jurisdiction, and "[a] party who could find adequate representation in state court is not thereby deprived of its right to the federal forum . . . ." *Evanston*, 844 F.3d at 1193.

There is no contention that either parties' rights are not adequately protected in state court and, even if that was so, such would only favor retention of federal jurisdiction. *See St. Paul*, 39 F.3d at 589. Therefore, this factor does not weigh in favor of abstention..

Considering the foregoing, State Farm has failed to present an

9

extraordinary circumstance that would justify the Court abstaining from exercising its jurisdiction in the above-captioned matter.[17]

Accordingly,

**IT IS ORDERED** that State Farm's motion to dismiss is **DENIED**.

New Orleans, Louisiana, July 14th, 2008.

LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[17]State Farm's reliance on LA. CODE CIV. P. ART. 531 is misplaced, as that provision applies only to parallel proceedings in state courts.  See *Goldblum v. Boyd*, 267 So. 2d 610, 613 (La. Ct. App. 2d Cir. 1972) ("The strict rules of [ART. 531] apply to lawsuits pending in state courts. Where the lawsuits are pending in Federal and State courts, the strict rules do not apply").
   LA. CODE CIV. P. ART. 532 states:

   When a suit is brought in a Louisiana court while another is pending
   in a court of another state or of the United States on the same
   transaction or occurrence, between the same parties in the same
   capacities, on motion of the defendant or on its own motion, the
   court may stay all proceedings in the second suit until the first
   has been discontinued or final judgment has been rendered.

   The comments to Article 532 state that Louisiana's doctrine of *lis pendens* does not apply when the federal lawsuit was not the first filed lawsuit.  More to the point, Articles 531 and 532 only pertain to the dismissal of state court actions.
   State Farm also cites a number of state and federal cases in support of its argument, but none of those cases involved parallel proceedings in state and federal court.  See *Dillard v. Merrill Lynch*, 961 F.2d 1148 (5th Cir. 1992) (several pro se lawsuits brought in different federal district courts of Texas); *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721 (5th Cir. 1985) (claims filed in federal district courts in Texas and New York); *Glass v. Alton Ochsner Med. Found.*, 832 So.2d 403 (La. Ct. App. 2002) (parallel lawsuits in both Orleans and Jefferson Parish courts); *Enterprise Prop. Grocery v. Selma, Inc.*, 886 So.2d 614 (La. Ct. App. 2004) (lawsuits brought in city and state courts).

10